BENJAMIN B. WAGNER
United States Attorney
RUSSELL L. CARLBERG
MICHAEL M. BECKWITH
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>           Plaintiff,        )<br>                             )<br>      v.                     )<br>                             )<br>                             )<br>JOHNNY EUGENE GRIVETTE, JR   )<br>DAMON TODD RYDELL, and       )<br>RAMON FILIPE MALDONADO,      )<br>                             )<br>           Defendants.       )<br>_____) | CR. NO. S-10-220 GEB<br><br><br><br>GOVERNMENT'S CONSOLIDATED<br>MOTIONS IN LIMINE # 1 - 5<br><br><br>Date: May 6, 2011<br>Time: 10:00 a.m.<br>Hon.  Garland E. Burrell Jr. |

INTRODUCTION

The United States of America hereby submits its motions in limine, consolidated in one pleading for ease of reference.

MOTIONS IN LIMINE

Government's
Motion No. 1:   Motion in Limine to Preclude Testimony, Evidence,
                Questioning and Argument by Counsel Suggesting
                <u>Any Defense of Medical Necessity</u>

The government hereby moves to preclude the defendants from arguing or introducing any evidence, questioning, or testimony, either expert testimony or lay opinion testimony, to suggest that

marijuana has any legitimate medical value.  Similarly, defendants' *belief* that marijuana is of any medical value is of no relevance to this federal prosecution.  Moreover, because marijuana has no value, no defense of medical necessity is permissible.  United States v. Oakland Cannabis Buyers' Cooperative, 532 U.S. 483, 494, 121 S.Ct. 1711 (2001) ("we hold that medical necessity is not a defense to manufacturing and distributing marijuana").

Marijuana is a Schedule I controlled substance.  Schedule I controlled substances are subject to the most strict regulation because they have a high potential for abuse, no currently accepted medical use in treatment in the United States, and a lack of accepted safety for use under medical supervision.  21 U.S.C. § 812(b)(1)(A)-(C).  Congress made the determination that marijuana belongs on Schedule I in furtherance of its obvious and compelling interest in combating drug abuse and protecting the public from the physical dangers associated with the use of drugs.  See Treasury Employees v. Von Raab, 489 U.S. 656, 668, 674 (1989) (observing that drug trafficking is "one of the greatest problems affecting the health and welfare of our population" and that "drug abuse is one of the most serious problems confronting our society today").

The Supreme Court has upheld Congress's determination that marijuana has no medical value.  In United States v. Oakland Cannabis Buyers' Cooperative, the Supreme Court held that medical necessity cannot be a defense to a federal charge of manufacturing or distributing marijuana based on the premise that there can be no necessity for a substance that has no medical

value. 121 S.Ct. at 1719-20. This Court must likewise uphold Congress' determination.

The government also requests that the Court exclude all argument or testimony regarding government research projects regarding health effects of marijuana which may have been undertaken within the strict statutory and regulatory process. The CSA permits the rescheduling of drugs if there is a discovery of a legitimate medical use for the controlled substance. See 21 U.S.C. §§ 355(i), 811, 812(b), 823(f). The FDA is similarly authorized to approve drugs for medical use if it develops credible evidence that a drug is safe and effective for any intended medical purpose. See 21 U.S.C. §§ 355(a), (b), (d). Research testing for discoveries and advances in medicine is not inconsistent with a current legal classification that a substance has no known medical value to date. The government's support of research is by no means a concession that marijuana is of any medical benefit and the Court should not permit the defendants to imply that it is.

The statutory determination of medical value in Title 21 must be honored particularly when enforcing another provision of Title 21. Determination regarding medical value of marijuana is to be made under the exclusive standards and administrative procedures set forth in the Controlled Substances Act itself. 21 U.S.C. 811, 812. Such determinations are not to be made by these defendants or by juries in individual proceedings brought to enforce the criminal law. Accordingly, such evidence is not relevant to the law currently in effect and should be barred. Fed. R. Evid. 402 (irrelevant evidence is not admissible). It

-3-

further follows that any evidence or argument suggesting a medical necessity must also be barred, as specifically held in <u>United States v. Oakland Cannabis Buyers' Cooperative</u>, 532 U.S. 483, 121 S.Ct. 1711 (2001).

///

Government
Motion No. 2:  Motion in Limine to Preclude Testimony, Evidence, Questioning and Argument by Counsel Suggesting an Affirmative Defense of Erroneous Belief Conduct was Lawful Under State or Federal Law, Or that Defendants Attempted <u>to Comply with State Law</u>

    Federal Rule of Evidence 402 provides that evidence which is not relevant is not admissible. Evidence that neither negates an element of the charges against a defendant nor establishes a defense is not relevant.

    The defendants are not entitled to present evidence relating to their erroneous belief that their conduct may have been permissible under federal law because the charged offenses require a "knowing" scienter, not a "willful" one. The government is required to show only that defendants knew they were "in fact performing an act, whether or not [they knew] that the act has been criminalized by statute." <u>United States v. Lynch</u>, 233 F.3d 1139, 1141 (9th Cir. 2000). <u>See</u>, <u>e.g.</u>, <u>United States v. Linares</u>, 367 F.3d 941, 948 (D.C. Cir. 2004) (possession of marijuana with the intent to distribute is a general intent offense).

    The drug charges contained in the Indictment are not crimes in which the defendants' good faith belief in the legality of their conduct could negate an element of the charges. See <u>Bryan</u>

-4-

1  v. United States, 524 U.S. 184, 193 (1998)(unless the text of the
2  statute dictates a different result, the term "knowingly" merely
3  requires proof of knowledge of the facts that constitute the
4  offense); United States v. Cain, 130 F.3d 381, 384 (9th Cir.
5  1997)(district court properly gave instruction in cocaine case
6  that government need not prove defendant knew his conduct was
7  illegal).[1]

8  Lack of intent to violate the law is not a defense to a
9  general intent crime. United States v. Fahey, 411 F.2d 1213 (9th
10 Cir. 1969) (inability to form specific intent has never been a
11 defense to general intent crimes). Therefore, the defendants'
12 beliefs concerning the legality of medicinal marijuana are not a
13 proper defense and evidence of their beliefs, or their reasons
14 for those beliefs, is irrelevant to the charges in this case.

15 Likewise, any evidence of good faith attempts to comply with
16 a state medical marijuana regime is irrelevant. Congress has the
17 power under the commerce clause to regulate, and outlaw, even the
18 purely intrastate manufacture of marijuana. Gonzales v. Raich,
19 545 U.S. 1, 17-19 (2005). The Supremacy Clause of the federal
20 constitution makes any attempted compliance with state law
21 irrelevant:

22 > Second, limiting the activity to marijuana possession
> and cultivation 'in accordance with state law' cannot
23 > serve to place respondents' activities beyond
> congressional reach. The Supremacy Clause
24

---

25  [1] Cf. Ratzlaf v. United States, 510 U.S. 135, 149
26 (1994)("willful" requirement in structuring statute requires
   knowledge that conduct is illegal); Cheek v. United States, 498
27 U.S. 192, 199 (1991)("willful" requirement in criminal tax
   charges allows for defense that defendant had mistaken, but good
28 faith belief in legality of conduct).

-5-

1  unambiguously provides that if there is any conflict
2  between federal and state law, federal law shall prevail.

3 Gonzales v. Raich, 545 U.S. at 29.  Likewise, with respect to
4 California's police powers under the Tenth Amendment, the Ninth
5 Circuit held that "a power granted to Congress trumps a competing
6 claim based on a state's police powers."  Raich v. Gonzales, 500
7 F.3d 850, 867 (9th Cir. 2007) (adding "there can be no Tenth
8 Amendment violation" for criminalizing medical marijuana).  As the
9 Ninth Circuit stated, "federal law does not recognize a
10 fundamental right to use medical marijuana prescribed by a
11 licensed physician to alleviate excruciating pain and suffering."
12 Raich, 500 F.3d at 866.  The same is true of any claimed exercise
13 of an individual right to cultivate marijuana under the Ninth
14 Amendment of the federal constitution: there is simply no such
15 right.

16  Accordingly, any evidence of marijuana prescription cards,
17 doctor's recommendations for marijuana, diagnoses, memberships in
18 marijuana collectives, grow authorizations, or anything related
19 to the California marijuana regime, should be excluded from
20 evidence.  Any evidence or testimony regarding the defendants'
21 supposed beliefs that they were complying with state law or
22 county prosecution guidelines should also be excluded from
23 evidence.  That is because all of this evidence is irrelevant.
24 Fed. R. Evid. 402.  It would simply be collateral and confusing
25 to the jury.  Fed. R. Evid. 403.

26  Likewise, questioning federal agents or local officers about
27 the issuance or execution of the state search warrants as they
28 relate to the state medical marijuana regime is also irrelevant

-6-

1  and should not be allowed.  State marijuana regimes are
2  irrelevant to a determination of probable cause in federal court.
3  See United States v. Chavez-Vernaza, 844 F.2d 1368, 1373 (9th
4  Cir. 1987) (requiring federal "courts to look to state law when
5  determining the admissibility of evidence obtained in accordance
6  with federal law would hamper the enforcement of valid federal
7  laws and undermine the policy favoring uniformity of federal
8  evidentiary standards"); see e.g. United States v. Hall, 543 F.2d
9  1229, 1235 (9th Cir. 1976)("wiretap evidence obtained in
10 violation of neither the Constitution nor federal law is
11 admissible in federal courts, even though obtained in violation
12 of state law").  Here, there has been absolutely no showing of
13 the officers doing anything inappropriate under state or federal
14 law.  To allow cross-examination of the officers concerning
15 California medical marijuana law in relation to the issuance or
16 the execution of the warrants would be probative of nothing, and
17 it would only have potential to confuse the jury on a collateral
18 and irrelevant matter.  Fed. R. Evid. 402, 403.
19 ///
20 Government
   Motion No. 3:   Motion in Limine to Preclude Testimony,
21                 Evidence, Questioning and Argument by Counsel
                   Suggesting Affirmative Defenses of
22                 Entrapment by Estoppel Or Public Authority
23      This Court denied the defendants' pre-trial motion to
24 dismiss the indictment based on a claim of entrapment by
25 estoppel.  The government seeks here to emphasize that the
26 defendants' failure to make an adequate showing for the motion to
27 dismiss applies equally to preclude any argument or evidence of
28 an affirmative defense based on the same theory.

-7-

It is well established that the Court may preclude a proposed defense if the evidence described in the offer of proof is insufficient as a matter of law to support the proffered defense. United States v. Aguilar, 883 F.2d 662, 692 (9th Cir. 1989) (citations omitted). To establish an entrapment by estoppel defense, a defendant "must show that (1) an authorized government official, empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told [the defendant] the proscribed conduct was permissible, (4) that [the defendant] relied on the false information, and (5) that [the] reliance was reasonable." United States v. Schafer, 625 F.3d 629, 637 (9th Cir. 2010) (citing United States v. Batterjee, 361 F.3d 1210, 1216 (9th Cir. 2004) (internal quotation and citation omitted)); see also United States v. Brebner, 951 F.2d 1017, 1024, 1027 (9th Cir.1991); Tallmadge, 829 F.2d 767, 774 (9th Cir. 1987); United States v. Ramirez-Valencia, 202 F.3d 1106, 1109 (9th Cir. 2000).

Defendants in the earlier proceedings could not identify a single authorized federal government official who erroneously told them it was permissible to sell marijuana. Defendants did not assert they made any historical facts known to an authorized government official. Defendants did not even allege they relied on any advice from an authorized government official. Thus, the Court should bar any evidence supporting an affirmative defense based on entrapment by estoppel, or the idea that defendants relied on news reports of statements of candidates or other government officials to support a belief that their conduct was legal under federal law.

-8-

The government requests that any such testimony or other attempt at a public authority type defense be proffered to the court before the defendants are allowed to open or question about it. Aquilar, 883 F.2d at 692 (court may preclude a proposed defense if the evidence described in the offer of proof is insufficient as a matter of law to support the proffered defense). It is the government's understanding that, even under the defendants' version of events, no federal officials ever did anything that could be construed as authorizing or asking them to sell marijuana. Accordingly, the defense should be barred.

///

Government
Motion No. 4:   Motion in Limine to Preclude Testimony, Evidence, and Questioning and Argument by Counsel
<u>Regarding Jury Nullification</u>

The term "jury nullification" refers to the <u>de facto</u> ability of a jury to simply refuse to apply the law as instructed by the Court, choosing instead "to acquit out of compassion or compromise or because of their assumption of a power which they had no right to exercise, but to which they were disposed through lenity." <u>Standefer v. United States</u>, 447 U.S. 10, 22 (1980) (internal quotations and citations omitted). A jury does not have the right to nullify criminal law, nor does the defendant have the right to argue jury nullification, or admit otherwise irrelevant evidence aimed at nullification. See <u>Zal v. Steppe</u>, 968 F.2d 924, 930-31 (9th Cir. 1992)(J. Trott concurring)("I believe neither a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based

on the law and the evidence, not on jury nullification as urged by either litigant."); United States v. Gorham, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975)(affirming trial court's refusal to admit evidence bearing no relation to the charges but which might encourage a "conscience verdict" of acquittal), supplemented by 536 F.2d 410 (D.C. Cir. 1976); United States v. Lucero, 895 F.Supp. 1421, 1426 (D. Kan. 1995)("defendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke finder of fact to disregard the law").

District Judge Charles Breyer in United States v. Rosenthal, 266 F.Supp.2d 1068 (N.D. Cal. 2003) recently presided over a trial with a similar factual pattern. In Rosenthal, Judge Breyer granted the government's motion in limine to exclude evidence and argument relating to the medicinal use of marijuana and introducing evidence or argument aimed at jury nullification. In so doing, Judge Breyer recognized that, while jury nullification is an unfortunate "fact" of judicial life, "the United States Supreme Court has explicitly recognized that juries have no right to nullify." Id. at 1075. Specifically, with respect to the enforcement of federal narcotics violations, the Rosenthal court pronounced: "there is no right to jury nullification, nor can there be nullification by local governments." Id.

Notwithstanding the court's ruling, the defendant's attorney, during closing argument, veered toward an urging of nullification. The district court therefore reminded the jury of its duty to follow the law, admonishing the jury against "substitut[ing] its sense of justice...for [its] duty to follow the law." Id. at 1086. On appeal, the defendant argued that

1  Judge Breyer had erroneously instructed the jury regarding its
2  power to nullify.  The Ninth Circuit, finding no such error,
3  rejected the defendant's argument.  <u>United States v. Rosenthal</u>,
4  454 F.3d 943 (9th Cir. 2006).

5      The government is hereby requesting that the defendant be
6  ordered not to argue jury nullification, or refer to issues that
7  are aimed at nullification.  For example, the defendant should
8  not be permitted to reference the political debate in California
9  and elsewhere about legalization of marijuana; whether there are
10 medical benefits to marijuana use; whether marijuana should
11 continue to be classified as a Schedule I controlled substance;
12 whether the federal government should be involved in an area in
13 which local citizens voted to ignore the federal law.  None of
14 these topics are relevant to a lawful defense, nor do they rebut
15 any element of the offenses charged in the Indictment.
16 ///

Government
Motion No. 5:  Motion in Limine to Preclude Testimony,
               Evidence, Questioning and Argument by Counsel
               <u>Regarding Potential Punishment</u>

20  "It has long been the law that it is inappropriate for a
21  jury to consider or be informed of the consequences of their
22  verdict."  <u>United States v. Frank</u>, 956 F.2d 872, 879 (9th Cir.
23  1992).  <u>Rogers v. United States</u>, 422 U.S. 35, 40 (1975)(jury
24  should have been admonished "that the jury had no sentencing
25  function and should reach its verdict without regard to what
26  sentence might be imposed"); <u>United States v. Reed</u>, 726 F.2d 570,
27  579 (9th Cir. 1984) (trial judge properly instructed jury that
28  the "punishment provided by law for the offenses charged in the

indictment are matters exclusively within the province of the court. It should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused.").

As explained by the Fifth Circuit in Pope v. United States, 298 F.2d 507 (1962):

> To inform the jury that the court may impose minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided.

Id. at 508. The jury's verdict should be based on the facts presented at trial, rather than on speculation about the effect of a given verdict on the defendants, their family, or on society.

There should be no testimony regarding punishment from the defendants or their witnesses. There should be no mention of penalties or prison terms by counsel in the jury selection process or in argument. Once the jury hears anything about punishment, the "bell" simply cannot be un-rung or the damage neutralized by a curative instruction, such as Ninth Circuit Model Jury Instruction 7.4 (2000 ed.).

In this same vein, the introduction of any evidence of, or reference to, punishments discussed during plea negotiations is generally not admissible pursuant to Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Thus, defendants should also be ordered not to argue or testify in the vein of, "The government is trying to send me

to jail for growing medicine" or "The government is trying to send me to prison for five years."

## CONCLUSION

The government respectfully requests that the Court grants its motions in limine for the reasons stated above.

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

*/s/ Russell L. Carlberg*
RUSSELL L. CARLBERG
Assistant U.S. Attorney

*/s/ Michael M. Beckwith*
MICHAEL M. BECKWITH
Assistant U.S. Attorney

-13-