```
J. TONY SERRA #32639
EAN VIZZI #209444
506 Broadway
San Francisco CA 94133
Telephone: 415/986-5591

Attorneys for Defendant
DAMON RYDELL
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR S 10-220 GEB |
| Plaintiff, | DEFENDANT DAMON RYDELL'S RESPONSE TO THE GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE # 1-5 |
| v. | |
| DAMON RYDELL, | |
| Defendant. | |

Defendant Damon Rydell does not intend to offer any evidence of (1) Medical Necessity Defense, (2) Erroneous Belief His Conduct Was Lawful Under State or Federal Law, or (3) Defense of Entrapment by Estoppel or Public Authority. Defendant does not intend to argue Jury Nullification nor does defendant intend to offer evidence, questioning or argument regarding the potential punishment if convicted.

Defendant, however, does intend to offer evidence that Mr. Rydell visited the warehouse where the grow was located, that he examined the grow and he was interested in learning about growing and the laws surrounding medical cannabis in California, including local ordinances and zoning and licensing issues

1 relating to California's medical marijuana laws.

2     The defendant further intends to offer evidence that he was
3 involved with Mr. Grivette in the real estate and contracting
4 business and that he had numerous conversations and discussions
5 with Mr. Grivette involving investments and other business
6 opportunities concerning real estate. Such will be necessary to
7 put into context and explain the government's evidence against
8 him.

9     The defendant further intends to present evidence that he
10 believed that the warehouse grow was in compliance with state
11 and local ordinances including local plant number limits and
12 guidelines, and that defendant was making reasonable efforts in
13 becoming educated about medical marijuana laws, including state
14 law and local ordinances. The defendant intends to offer
15 evidence that he was in the process of learning about the
16 operation with the expectation that he would legally grow his
17 own medicine at some future date. As to these issues, local
18 medical marijuana guidelines and California medical marijuana
19 law are both relevant, and defendant educated himself to the
20 same anticipating he would in the future be a legal grower of
21 medical marijuana.

22     A.  <u>Defendant Has a Due Process Right to Present a Defense</u>.
23 Due process requires a defendant be allowed the opportunity to
24 be heard, which in this case requires the defendant be allowed
25 to explain his presence at the grow location and his corres-
26 pondences with his codefendant Mr. Grivette, and his interest in
27 becoming involved in lawful medical cannabis activities. The
28 jury must be allowed to hear the full circumstances under which

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

2

Mr. Rydell acted and thus he must be allowed to present evidence that he had not committed any lawful acts up until and including the date when the defendants were arrested.

Under Procedural Due Process, an individual must be afforded the opportunity to be heard.  See e.g. *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004).  The opportunity to be heard includes the right to present a defense.  *Id.*

    B.   <u>Mistake of Law Is a Defense to the Crime of Conspiracy</u>.

Mr. Rydell is charged in Count I of the Indictment with Conspiracy to Manufacture Over 100 Marijuana Plants.  Each of the participants of a conspiracy must have the requisite mens rea to justify a conspiracy conviction.  Reliance upon valid law and official interpretations of that law is a defense to the conspiracy count as it negates the mens rea required for a conviction.

Conspiracy is a "specific intent" crime.  *United States v. Blair*, 54 F.3d 639 (10th Cir. 1995), *certiori denied* 516 U.S. 883.  The specific intent required for the crime of conspiracy is the intent to advance or further the unlawful object of the conspiracy.  *United States v. Haldeman,* 559 F.2d 31, 112 (D.C. Cir. 1976).

The law generally assumes that defendants have the requisite mens rea if they take knowing and voluntary actions, whether or not they knew the conduct was criminal.  An exception exists for crimes that require specific intent.  *See: Cheek v. United States*, 498 U.S. 192 (1991).  Good faith reliance on an official interpretation of law undermines a charge requiring specific intent because the test for specific intent focuses on

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

3

the actor's subjective state of mind, and thus reliance ordinarily need not even be reasonable.  See: *Cox v. Louisiana*, 379 U.S. 559, 571 (1965).  "The difference between specific intent and general intent crime involves the way in which the intent is proved - whether by probing the defendant's subjective state of mind or whether by objectively looking at the defendant's behavior in the totality of the circumstance." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1194 (9th Cir. 2000).

Thus the prosecution has the burden of proving the subjective intent of each of the three defendants to prevail on the conspiracy count.

While Mr. Rydell does not intend to present the defense of mistake of law, the reasonable steps that the others took to ensure compliance with state and local law are relevant to put into context the defendant's steps that he had taken to learn about the legalities of his potential future endeavor into lawful medical marijuana cultivation.  If the government intends to present evidence that Mr. Rydell had communications with Mr. Grivette regarding any future plans, then all of Mr. Grivette's steps to ensure state and local compliance are relevant to explain these communications.

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

CONCLUSION

For the foregoing reasons, this court should allow evidence relating to state and local medical marijuana law compliance to explain Mr. Rydell's actions and interest in the activities of the codefendants.

Dated: April 22, 2011

Respectfully submitted,

/s/ J. TONY SERRA

/s/ EAN VIZZI

J. TONY SERRA
EAN VIZZI
Attorneys for Defendant
DAMON RYDELL

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

5